UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HJALMAR R. BERG, JR.,**

    **Plaintiff,**

v.                                      Case No.  8:10-cv-1331-T-30EAJ

**FEDERAL DEPOSIT INSURANCE CORPORATION,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Federal Deposit Insurance Corporation's Motion to Dismiss (Dkt. 9) and Plaintiff Hjalmar R. Berg, Jr.'s Response in opposition (Dkt. 17).  Upon consideration, the Court concludes that the motion should be granted in part.

Plaintiff Hjalmar Berg is a former director and shareholder of Community National Bank in Sarasota County from the date of its formation to its sale in 1998 to another ownership group. In April 1990, Berg and Community National Bank entered into a deferred compensation plan agreement, which provided Berg would defer certain compensation from Community National in exchange for Community National's promise to pay certain benefits at a set time.

On August 7, 2009, Community National was closed by the Office of the Comptroller of the Currency.  The Federal Deposit Insurance Corporation ("FDIC-R") was appointed

receiver for the bank. On November 3, 2009, Berg filed a proof of claim with the FDIC-R asserting Community National owed him $81,478.44 from the deferred compensation plan. On January 11, 2010, the FDIC-R provided notice to Berg that it had elected to disaffirm the deferred compensation agreement. And on April 6, 2010, the FDIC-R sent a notice to Berg of the disallowance of his claim on the basis that his right to payment under the plan had not yet vested.

Berg filed this action on June 7, 2010, seeking de novo review of the disallowance of his claim under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821. Specifically, Berg seeks a declaratory judgment that his rights under the deferred compensation agreement were vested and that Defendant is obligated to pay his claim, subject to, and in accordance with, the provisions of 12 U.S.C. § 1821(d)(11).

Defendant now moves to dismiss arguing, first, that the Court lacks subject matter jurisdiction because Berg failed to file this action within sixty days of the determination of his Proof of Claim as required by 12 U.S.C. § 1821(d)(6)(A). There is no dispute that under the statute the sixty day period began to run on April 6, 2010, when notice was sent of the disallowance of Berg's claim. Sixty days from that date was June 5, 2010, a Saturday. Generally, Rule 6(a) excludes final Saturdays, Sundays, and legal holidays from the calculation of statutes of limitation.

Defendant contends that Rule 6(a) does not apply to § 1821(d)(6)(A) because that section is jurisdictional, not procedural. And, by applying Rule 6(a) in this context, the Court

would be impermissibly extending its jurisdiction under Rule 82.  Rule 82 provides that the Rules "shall not be construed to extend or limit the jurisdiction of the United States district courts . . ."  In support of its argument, Defendant relies on *Cardente v. Fleet Bank of Maine, Inc.*, 796 F. Supp. 603 (D. Me. 1992).  The *Cardente* court held that the statute is jurisdictional and, as such, the application of Rule 6(a) would inappropriately extend the court's jurisdiction under Rule 82.

Though it has not considered whether Rule 6(a) applies to FIRREA, the Eleventh Circuit has consistently applied Rule 6(a) to federal statutes of limitation and has held that the application of that rule does not expand jurisdiction.  *Am. Canoe Ass'n v. Attalla*, 363 F.3d 1085, 1087-1088 (11th Cir. 2004).  In addition, the only other court to have considered whether Rule 6(a) applies to FIRREA, has explicitly rejected the reasoning in *Cardente*.  See *Doshi v. Resolution Trust Corp.*, 815 F. Supp. 837, 839 (E.D. Pa. 1993).  This Court agrees with the *Doshi* court and concludes that the application of Rule 6(a) does not expand jurisdiction.

Defendant next argues that the complaint fails to state a claim because Berg brought this suit against the FDIC in its corporate capacity for actions taken, or omissions made by the FDIC in its receivership capacity.  It appears from review of the complaint that Berg intended to bring this action against the FDIC as receiver.  However, the named defendant is simply the FDIC.  On the face of the complaint, it is somewhat ambiguous whether the defendant is the FDIC-Corporate or FDIC-Receiver.  The Court will allow Berg to file an amended complaint to cure this ambiguity.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Federal Deposit Insurance Corporation's Motion to Dismiss (Dkt. 9) is GRANTED in part.

2. The Complaint (Dkt. 1) is dismissed without prejudice.

3. Plaintiff may file an amended complaint within twenty (20) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 19, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-1331.mtd 9 (2).wpd